IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BROOKE T. SCHOPPMANN, et al.

        Plaintiffs,

v.                                                          Civil Action No.  2:13-cv-01032

BOSTON SCIENTIFIC CORP.,

        Defendant.

MEMORANDUM OPINION AND ORDER
*(Defendant's Motion for Partial Summary Judgment)*

      Pending before the court is defendant C. R. Bard's ("Bard") Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claim ("Motion for Partial Summary Judgment") [ECF No. 69]. To obtain summary judgment, "the movant must show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In turn, to avoid summary judgment, the nonmovant must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

      The question of whether a plaintiff is entitled to punitive damages often involves an interlocking web of factual determinations respecting the defendant's conduct. A court thus treads cautiously, especially pretrial, when adjudicating a peremptory request to remove the matter entirely from the factfinder's consideration.

The evidentiary record is frequently muddled enough on the point that genuine issues of material fact remain. That is the case here. Consequently, Bard is not, at least at this stage of the case, entitled to judgment as a matter of law on the punitive damages claim. The court will be better equipped to assess, and perhaps resolve, the issue at the stage for Rule 50 motions. For these reasons, the Motion for Partial Summary Judgment [ECF No. 69] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    December 7, 2016

        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE